UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS INDENTURE
TRUSTEE OF THE FBR
SECURITIZATION TRUST 2005-5,
MORTGAGE-BACKED NOTES,
SERIES 2005-5,
        Plaintiff,

vs.

BRUCE MONTGOMERY, et al.,
        Defendants.

Case No. 1:14-cv-00367

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff Deutsche Bank National Trust Company, as Indenture Trustee of the FBR Securitization Trust 2005-5, Mortgage-Backed Notes, Series 2005-5 ("Bank"), filed a motion to remand this case to State court. (Doc. 7). Defendant Bruce Montgomery has not filed a response to plaintiff's motion. The matter is now ripe for review. For the reasons stated herein, plaintiff's motion should be granted.

**I. Background**

On April 19, 2013, the Bank filed a complaint for foreclosure in the Hamilton County, Ohio Common Pleas Court against Bruce Montgomery, Jane Doe, Hamilton County Child Support Enforcement Agency, Aames Funding Corporation, and the Hamilton County Treasurer. (Doc. 2). Defendant Bruce Montgomery (hereafter "defendant") was served with the summons and complaint on April 30, 2013. (Doc. 1, Att. 3 at 66). Defendant filed an answer and counterclaim on June 13, 2013. (*Id*. at 62-65). The counterclaim was dismissed by entry dated April 21, 2014. (*Id*. at 228-30, 261). The Bank filed a motion for summary judgment and default judgment in the State court foreclosure action on March 19, 2014 (*Id*. at 78-193), and the magistrate issued a decision on April 8, 2014, finding that plaintiff was entitled to judgment in its

favor.[1] (*Id.* at 251-53). Subsequently, defendant filed a motion to dismiss the State court complaint on April 10, 2014 (*Id.* at 256-60), to which the Bank filed a response on April 21, 2014.[2] (*Id.* at 266-75). Before the Hamilton County Court of Common Pleas issued a ruling on the motion to dismiss, defendant filed the notice of removal of the action to the United States District Court on May 6, 2014. (Doc. 1). Defendant premises removal on this Court's diversity jurisdiction. Defendant claims that diversity exists because he is a citizen of Ohio, while the Bank is a citizen of New York.

The Bank then filed its motion to remand on May 16, 2014. (Doc. 7). The Bank bases its motion to remand on three premises. The initial basis is that defendant did not follow the proper procedures for removal set forth in 28 U.S.C. § 1446. Second, the Bank contends that removal on diversity grounds is barred by statute because defendant is a citizen of the State in which this action was brought. Finally, the Bank argues that the *Rooker-Feldman* doctrine prohibits the district court from exercising subject matter jurisdiction over this case.[3]

## II. Applicable Law

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The defendant must comply with the procedures set forth in 28 U.S.C. § 1446 when filing a notice of removal. Specifically, the notice of removal must be filed timely pursuant to 28

---

[1] The motion for summary judgment and default judgment was separately docketed in this case as Doc. 4.
[2] The motion to dismiss was separately docketed in this case as Doc. 5.
[3] The *Rooker-Feldman* doctrine bars State court losers complaining of injuries caused by State court judgments rendered before the district court proceedings commenced from seeking district court review and rejection of those judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

U.S.C. § 1446(b)(1), which states in relevant part: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1). Whether there is a defect in the removal procedure is a purely legal question. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003).

### III. The motion to remand the case should be granted.

Defendant failed to remove this case to the United States District Court within the time limits set forth in § 1446(b)(1). Defendant was served with the summons and complaint in the State court action on April 30, 2013. (Doc. 1). He did not file his notice of removal until May 6, 2014, more than one year after the case was filed in state court and more than one year after the Bank's complaint was served on him. Because the notice of removal was not filed within the thirty-day window provided in 28 U.S.C. § 1446(b)(1), the removal is defective and plaintiff's motion to remand the case to State court should be granted.

Further, although defendant seeks to premise removal on this Court's diversity jurisdiction, defendant may not remove the State court action on this basis. Diversity jurisdiction exists when there is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a)(1). However, the removal statute provides that a civil action "otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Chase Manhattan Mortgage Corp. v. Smith*,

507 F.3d 910, 914 (6th Cir. 2007). Here, defendant was at the time of the filing of the State court complaint, and still is, a citizen of Ohio. (Doc. 1, ¶ V). Thus, removal is barred under 28 U.S.C. § 1441(b)(2), as defendant is a citizen of the State in which the action was brought.

In sum, defendant's removal of the State court action does not comply with the statutory filing requirements of 28 U.S.C. § 1446(b)(1), and the removal is barred under 28 U.S.C. § 1441(b)(2). Because remand is required on these grounds, it is unnecessary to address the Bank's argument that subject matter jurisdiction is lacking under the *Rooker-Feldman* doctrine.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion to remand this case to State court (Doc. 7) be **GRANTED**.

Date: 9/23/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS INDENTURE
TRUSTEE OF THE FBR
SECURITIZATION TRUST 2005-5,
MORTGAGE-BACKED NOTES,
SERIES 2005-5,
      Plaintiff,

vs.

BRUCE MONTGOMERY, et al.,
      Defendants.

Case No. 1:14-cv-00367

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Bruce Montgomery<br>2324 Chickasaw St.<br>Cinti, OH 45214 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7011 3500 0001 5345 6090 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540